Samuel R. Randall (No. 024517)
**RANDALL LAW PLLC**
4742 North 24th Street, Suite 300
Phoenix, Arizona 85016
Telephone:    602.328.0262
Facsimile:    602.926.1479
Email:        srandall@randallslaw.com

[Additional counsel appear on signature page]

***Attorneys for Plaintiff and the***
***Putative Class and Collective***

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua Stoddard, on behalf of himself and all similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>Discount Tire Co, Inc., an Arizona corporation,<br><br>Defendant. | Case No. _____<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br><br><br>**(Jury Trial Demanded)** |

Plaintiff Joshua Stoddard ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, for his Complaint against Defendant Discount Tire Co., Inc. ("Discount Tire"), alleges as follows**:**

## NATURE OF THE ACTION

1.     Discount Tire is the nation's largest independent tire and wheel retailer and operates more than 1,000 stores in 35 states.[1]

2.     Discount Tire employs Assistant Managers ("AMs") at its stores. Discount Tire's AMs assist in nearly all aspects of its retail operations, including opening and closing the store, performing work on vehicles, assisting customers, and cleaning.

3.     Discount Tire uniformly classifies its AMs as non-exempt from overtime wages and AMs are therefore entitled to overtime compensation for the hours worked over 40 in a workweek under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and analogous state law.

4.     However, Discount Tire does not pay its AMs for all the hours they work in excess of 40 in a workweek.  Instead, Discount Tire limits the number of hours each AM can report and get paid for each week, even in weeks where they work more hours than the cap.

5.     Discount Tire limits AMs' hours because it manages each store's labor budget by measuring the store's Units Per Man Hour ("UPMH").  Each Discount Tire

---

[1]     *See Our Story: How We Started*, Discount Tire, https://www.discounttire.com/about-us/our-story (last visited May 9, 2023).  Discount Tire operates some of its locations under the name "America's Tire."  As used in this Complaint, "Discount Tire" refers to all store locations, regardless of whether they are branded as Discount Tire or some other name.

location is required to sell a certain number of "units" – wheels or tires – per "man hour" on the clock, and UPMH measures this ratio.

6.     For example, if the UPMH of a Discount Tire store is 1.25, that store must sell at least 1.25 wheels or tires for every hour an employee is on the clock.  In other words, if 10 people are on the clock during a given hour, that store must sell 12.5 units that hour.

7.     Discount Tire uses the UPMH system to create internal incentives for regional and local managers to limit overtime pay and other labor expenses.  Discount Tire does this by ranking its stores by region and nationally using metrics including UPMH, and incentivizes management (including Store Managers and Assistant Vice Presidents) through bonuses and other rewards to keep each store's UPMH at or above the threshold set by Discount Tire.

8.     As a result, to maintain as high a UPMH as possible, Discount Tire and its management personnel prevents and discourages its AMs from recording above a certain number of hours worked per week, even though it takes significantly longer for them to do the work Discount Tire requires them to do.

9.     For example, Discount Tire typically scheduled Plaintiff to clock in to work at 7:30 in the morning, just 30 minutes before the store opened.  However, opening the store required a series of pre-opening tasks that were impossible for Plaintiff to complete in 30 minutes before the store opened.

10.     Similarly, Discount Tire typically scheduled Plaintiff to clock out of work at approximately 6:30 in the evening, just 30 minutes after the store closed.  But it was

not possible for Plaintiff to finish performing work on customers' vehicles and complete all of the closing tasks Discount Tire assigned to him in 30 minutes.

11. Pursuant to its uniform, companywide *de facto* policy and practice, and contrary to any written policies stating otherwise, Discount Tire forced Plaintiff and other AMs to perform overtime work off-the-clock.

12. Further, pursuant to its uniform, companywide *de facto* policy and practice, Discount Tire failed to accurately track or record the actual hours worked by Plaintiff and its AMs.

13. Because Plaintiff and other AMs regularly worked over forty hours in a workweek, Discount Tire's policy and practices described herein resulted in Plaintiff and other AMs working overtime hours for which they were not paid ("Unpaid Overtime Hours").

14. Discount Tire's systematic failure and refusal to pay Plaintiff and all other similarly situated AMs for Unpaid Overtime Hours violates the FLSA and Arizona Wage Act.

15. Plaintiff brings this action under the FLSA on behalf himself and all current and former Assistant Managers ("AMs") who work and/or worked for Discount Tire within the United States (the "Collective" or "Collective Members").

16. Plaintiff and Collective Members are entitled to unpaid overtime compensation from Discount Tire for all hours they worked in excess of forty (40) hours in a workweek and liquidated damages pursuant to the FLSA and the Arizona Wage Act.

17.     Plaintiff and Collective Members who opt in to this action pursuant to the FLSA are entitled to: (i) wages for Unpaid Overtime Hours; (ii) liquidated damages, and (iii) reasonable attorneys' fees and costs pursuant to the FLSA.

18.     Plaintiff further asserts, pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and a class of other similarly situated current and former AMs employed by Discount Tire at its Arizona locations during the applicable statute of limitations (the "Arizona Class"), that they are entitled to back wages from Defendant for unpaid overtime wages for Unpaid Overtime Hours as required by the Arizona Wage Act, Ariz. Rev. Stat. §§ 23-350, *et seq.* and the Arizona Minimum Wage Act, Ariz. Rev. Stat. §§ 23-362, *et seq.*

## THE PARTIES

### *Plaintiff*

19.     Plaintiff Joshua Stoddard, a resident of Show Low, Arizona, was employed by Discount Tire from approximately 2012 to around March 2021.

20.     From around 2012 or 2013 to March 2021, Plaintiff worked for Discount Tire as an AM at its locations throughout Arizona, including in Avondale, Goodyear, Flagstaff, and Show Low.

21.     Discount Tire required Plaintiff to arrive at work before his scheduled time and begin tasks associated with opening the store, including cleaning the store and performing tire adjustments which included documenting the details of defective tires.

22.     However, Discount Tire did not permit Plaintiff to clock into its timekeeping system until his scheduled start time.

23.     Similarly, at the end of the day, Discount Tire required Plaintiff to clock out at his scheduled end time and then continue to work, including performing work on customers' vehicles and assisting customers who were picking up their vehicles, as well as cleaning the store and other closing tasks.

24.     During the day, Discount Tire regularly interrupted Plaintiff's unpaid meal breaks and required him to work.

25.     In addition, Discount Tire routinely contacted Plaintiff and the similarly situated AMs on their days off about work matters when they were off the clock.

26.     Finally, Discount Tire required Plaintiff and the similarly situated AMs to run errands, such as depositing money at the bank, when they were already off the clock.

27.     Pursuant to Discount Tire's policy, pattern, or practice, Plaintiff and the similarly situated AMs regularly worked Unpaid Overtime Hours for Discount Tire's benefit without receiving all legally mandated pay.

28.     Discount Tire failed to pay Plaintiff overtime pay for all hours he worked as an AM in excess of 40 hours in a workweek, in violation of the FLSA, Arizona Wage Act, and Arizona Minimum Wage Act.  For example, during the week of October 11, 2020, Plaintiff worked approximately 65 hours, but was only paid for between 52 and 54 hours.

29.     Plaintiff Stoddard's written Consent to Join this action is attached as **Exhibit A**.

*The Defendant*

30.     Discount Tire Co., Inc. is an Arizona corporation with its principal place of business in Scottsdale, Arizona.

31.     Discount Tire is a covered employer within the meaning of the FLSA.

32.     Discount Tire employed Plaintiff and other similarly situated current and former AMs.

33.     At all material times, Discount Tire controlled and directed the terms of employment of Plaintiff, Collective Members, and the Arizona Class, including with respect to the compensation, timekeeping, payroll, and other employment practices that applied to them.

34.     Upon information and belief, Discount Tire applies the same employment policies, practices, and procedures described herein to all AMs with respect to timekeeping and pay.

35.     At all times relevant, Discount Tire's annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

36.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

37.     Plaintiff's state law claims are so closely related to his FLSA claim that they form part of the same case or controversy under Article III of the United States Constitution.

38.     Discount Tire employed Plaintiff at its locations in and around Arizona, which is within the jurisdiction of this Court.

39.     In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA, 29 U.S.C. § 201 *et seq.*, pursuant to 29 U.S.C. § 216(b).

40.     Discount Tire is subject to personal jurisdiction in Arizona because, among other things, its principal place of business is in Arizona; it does business in Arizona; has offices in Arizona; and employed Plaintiff, Collective Members, and the Arizona Class at its locations in Arizona.

41.     Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within this District.

42.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 216(b).

## **COLLECTIVE ACTION ALLEGATIONS**

43.     Plaintiff brings the First Cause of Action pursuant to 29 U.S.C. § 216(b), on behalf of himself and all current and former Assistant Managers ("AMs") who work and/or worked for Discount Tire within the United States (the "Collective" or "Collective Members") and who elect to opt in to this action.

44.     Discount Tire is liable under the FLSA for, *inter alia*, failing to properly pay Plaintiff and Collective Members for their Unpaid Overtime Hours.

45.    Consistent with Discount Tire's policy and pattern or practice, Plaintiff and Collective Members are not paid an overtime premium for all overtime hours worked.

46.    Throughout the relevant period, Plaintiff and Collective Members have been covered employees under the FLSA and entitled to overtime wages.

47.    All of the work that Plaintiff and Collective Members have performed has been assigned by Discount Tire and/or Discount Tire has been or should have been aware of all the work that Plaintiff and Collective Members have performed.

48.    As part of its regular business practice, Discount Tire has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and Collective Members.  This policy and pattern or practice includes, but is not limited to:

    (a)    Willfully failing to record all of the time that Plaintiff and Collective Members have worked for the benefit of Discount Tire;

    (b)    Willfully failing to keep accurate payroll records as required by the FLSA;

    (c)    Willfully failing to pay Plaintiff and Collective Members overtime pay for hours they worked in excess of 40 hours per workweek.

49.    Discount Tire is aware or should have been aware that federal law required it to pay Plaintiff and Collective Members overtime wages for all overtime hours worked in excess of 40 hours per workweek.

50.    Defendant's unlawful conduct has been widespread, repeated, and consistent.

51.    There are many similarly situated current and former AMs who have been underpaid pursuant to Discount Tire's policies and practices, in violation of the FLSA, and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join it.

52.    Those similarly situated AMs are known to Discount Tire, are readily identifiable, and can be located through Discount Tire's records.

53.    Notice should be sent to Collective Members pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

54.    Plaintiff brings the Second and Third Causes of Action, unpaid wage claims under Arizona law, under Rule 23 of the Federal Rules of Civil Procedure, on his own behalf and on behalf of a class of persons consisting of:

> All persons who were employed by Discount Tire in Arizona from three years prior to the date of the filing of the complaint to the entry of judgment in this case (the "Class Period") and who held the position of AM (the "Class").

55.    Excluded from the Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who submit timely and otherwise proper requests for exclusion from the Class.

56.    The persons in the Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown to Plaintiff, that number is presently within the sole control of the Defendant.

57.     Upon information and belief, there are at least 3,000 members of the Class.

58.     The claims of Plaintiff are typical of the claims of the Class and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a defendant.

59.     Discount Tire has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

60.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    (a)   Whether Discount Tire failed to pay Plaintiff and the Class overtime wages for all hours worked in excess of forty hours per workweek within the meaning of the Arizona Wage Act and the Arizona Minimum Wage Act;

    (b)   Whether Discount Tire is liable for all damages claimed hereunder, including but not limited to compensatory, statutory, interest, costs and disbursements and attorneys' fees;

    (c)   What proof of hours worked is sufficient where employers fail in their duty to maintain accurate time records; and

    (d)   Whether Discount Tire should be enjoined from violating the Arizona Wage Act and the Arizona Minimum Wage Act in the future.

61.     Plaintiff has the same interests in this matter as all other members of the Class and has no conflicts with any Class Member.

62.     Plaintiff will fairly and adequately protect the interests of the Class.

63.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

**COMMON FACTUAL ALLEGATIONS**

64.     Plaintiff, the Class, and Collective Members worked for Discount Tire as AMs.

65.     Plaintiff and other AMs assisted in nearly all aspects of Discount Tire's retail operations, including but not limited to: opening the store (unlocking the doors, opening the bays, turning on equipment, setting up signs or displays outside); assisting customers; answering questions from customers and staff; running the register, running store-related errands outside of the store; cleaning the store/bays; ordering and obtaining car parts; assisting with mechanical duties and tire repairs; closing the store (closing the bays, turning off equipment, bringing in signs and displays, locking up), and making bank deposits.

66.     Plaintiff, the Class, and Collective Members regularly worked more than 40 hours a week for Discount Tire.

67.     Discount Tire failed to pay Plaintiff, the Class and Collective Members all overtime pay owed to them for the hours they worked in excess of 40 in a workweek, resulting in Unpaid Overtime Hours.

68.     Discount Tire implemented this policy by: (i) requiring AMs to work before they clock in and after they clock out of Discount Tire's timekeeping system; (ii) requiring AMs to work during unpaid meal breaks; (iii) contacting AMs about work-

related matters when they are not at the store and/or are off-shift, including requiring AMs to respond to texts and phone calls when they were not scheduled to work; and (iv) requiring AMs to run errands, such as picking up parts from or dropping off parts at other stores while they were not clocked in.

69.    Discount Tire does not record time worked by Plaintiff, the Class, or Collective Members until they clock in on Discount Tire's timekeeping system.

70.    However, Plaintiff, the Class, and Collective Members worked without pay both before they clocked in and after they clocked out.

71.    Plaintiff, the Class, and Collective Members worked during certain unpaid, missed meal breaks, as well as when they were not at the store or otherwise scheduled to work.

72.    The job duties that Plaintiff, the Class, and Collective Members performed off the clock include, but are not limited to: assisting customers, performing work on customer vehicles, performing store-related errands such as shuttling parts or making bank deposits, cleaning, setting up the store, setting up merchandise, and answering the phone.

73.    Discount Tire required Plaintiff and other AMs to perform these duties as Unpaid Overtime Hours.

74.    Discount Tire knew and directed Plaintiff and the other AMs to perform these duties as Unpaid Overtime Hours.

75.    These Unpaid Overtime Hours were integral and indispensable to Discount Tire's business.

76.    Discount Tire accepted the benefit of the work performed as Unpaid Overtime Hours by Plaintiff and the other AMs.

77.    In total, Plaintiff worked an average of approximately 12 Unpaid Overtime Hours each work week that he worked for Discount Tire, including the work described herein which he performed before he clocked in for his shift, after he clocked out, during unpaid meal breaks, and when he dropped money off at the bank.

78.    The Collective and the Class members also worked similar Unpaid Overtime Hours each work week.

79.    Discount Tire failed to keep accurate records of the hours worked by Plaintiff, the Class, and Collective Members.

80.    Throughout the relevant period, it has been Discount Tire's policy, pattern, or practice to suffer or permit Plaintiff, the Class, and Collective Members to work in excess of 40 hours per week without paying them premium overtime pay.

81.    Plaintiff, the Class, and Collective Members had the same or similar primary job duties, which are non-exempt.

82.    Discount Tire's actions were willful in that it required Plaintiffs, the Class, and Collective Members to perform work as Unpaid Overtime Hours, knew that the work was integral and indispensable to its business, and accepted the benefit of the work as Unpaid Overtime Hours.

83.    Discount Tire knew and/or showed reckless disregard for the fact that Plaintiff, the Class, and Collective Members were not being paid for the work they did

before they clocked in, after they clocked out, during their unpaid meal breaks, and while they were otherwise off the clock.

84.     Discount Tire knew and/or showed reckless disregard for the fact that Plaintiff, the Class, and Collective Members were not paid unless they were clocked in on the timekeeping system, yet Discount Tire required them to work Unpaid Overtime Hours before they clocked in, after they clocked out, during unpaid meal breaks, and while they were otherwise off the clock.

85.     By virtue of the fact that it did pay Plaintiff, the Class, and Collective Members *some* overtime, Discount Tire is aware or should have been aware that federal and state law required it to pay employees performing non-exempt duties an overtime premium for *all* hours worked in excess of 40 hours per workweek.

86.     Discount Tire's awareness of its obligations is further demonstrated by its relatively recent reclassification of AMs from exempt to non-exempt in about 2016.

87.     Discount Tire's unlawful conduct has been widespread, repeated, and consistent.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act:  Unpaid Overtime Wages**
**Brought under 29 U.S.C. §§ 201, *et seq.* on Behalf of Plaintiff and**
**Collective Members Against Defendant**

88.     Plaintiff realleges and incorporates by reference the allegations in all preceding paragraphs.

89.     Discount Tire has engaged in a widespread policy, pattern, or practice of violating the FLSA in regard to Plaintiff and Collective Members, as detailed in this Complaint.

90.     At all relevant times, Plaintiff and Collective Members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

91.     The overtime wage provisions set forth in Section 201 *et seq*. of the FLSA apply to Discount Tire.

92.     Discount Tire is an employer of Plaintiff and Collective Members and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

93.     At all relevant times, Plaintiff and Collective Members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

94.     Discount Tire has failed to pay Plaintiff and Collective Members all overtime pay to which they are/were entitled under the FLSA.

95.     Discount Tire has failed to keep accurate records of time worked by the Plaintiff and Collective Members.

96.     Discount Tire's violations of the FLSA, as described in this Collective and Class Action Complaint, have been, and continue to be, willful and intentional.

97.     Discount Tire is aware of its obligations under the FLSA but did not make a good faith effort to comply with the FLSA with respect to its timekeeping and compensation of Plaintiff and Collective Members.

98.     Because Discount Tire's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, and may be further extended or tolled by agreement, equity or operation of law.

99.     As a result of Discount Tire's willful violations of the FLSA, Plaintiff and Collective Members have suffered damages by being denied overtime wages in accordance with the FLSA, in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorney's fees, costs and expenses pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### Arizona Minimum Wage Act:  Unpaid Overtime Wages
### Brought under Ariz. Rev. Stat. §§ 23-362, *et seq.* on Behalf of Plaintiff and the Class Against Defendant

100.     Plaintiff realleges and incorporates by reference the allegations in all preceding paragraphs.

101.     At all relevant times, Plaintiff and the members of the Class were employed by Discount Tire within the meaning of the Arizona Minimum Wage Act.

102.     Discount Tire willfully violated Plaintiff's rights and the rights of the Class by failing to pay them for all overtime hours worked, in violation of the Arizona Minimum Wage Act.

103.     Discount Tire's Arizona Minimum Wage Act violations have caused Plaintiff and the Class irreparable harm for which there is no adequate remedy at law.

104.     Due to Discount Tire's Arizona Minimum Wage Act violations, Plaintiff and the Class are entitled to recover from Discount Tire their unpaid overtime wages for

overtime hours worked for which they did not receive compensation, actual and

liquidated damages, including the employer's share of FICA, FUTA, state

unemployment insurance, and any other required employment taxes, statutory damages,

penalties, reasonable attorneys' fees and costs and disbursements of this action, pursuant

to the Arizona Minimum Wage Act.

**THIRD CAUSE OF ACTION**
**Arizona Wage Act: Unpaid Overtime Wages**
**Brought under Ariz. Rev. Stat. §§ 23-350, *et seq.* on Behalf of Plaintiff and**
**the Class Against Defendant**

105.   Plaintiff realleges and incorporates by reference the allegations in all

preceding paragraphs.

106.   At all relevant times, Discount Tire was an "employer" within the meaning

of the Arizona Wage Act.

107.   At all relevant times, Discount Tire has employed "employees," including

Plaintiff and the Class, within the meaning of the Arizona Wage Act.

108.   Plaintiff was an employee of Discount Tire within the meaning of the

Arizona Wage Act.

109.   As a result of the foregoing conduct, as alleged, Discount Tire violated the

Arizona Wage Act by failing to pay all wages due.  These violations were committed

knowingly, willfully and with reckless disregard of applicable law.

110.   As a result, Plaintiff has been damaged in an amount to be determined at

trial.  Plaintiff hereby demands payment on his own behalf and on behalf of all members

of the Class in an amount sufficient to provide compensation for all overtime hours

worked.  This demand for payment is continuing and is made on behalf of any current

Arizona Class members whose employment terminates at any time in the future.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly

situated members of the Collective and the Class, prays for the following relief:

A.      At the earliest possible time, Plaintiff should be allowed to give notice

of this class and collective action, or the Court should issue such notice, to all Collective

Members and members of the Class who are/were employed by Defendant during the

applicable statute of limitations.  Such notice shall inform them that this civil action has

been filed, of the nature of the action, and of their right to join this lawsuit if they

believe they were denied proper overtime wages;

B.      Certification of the Arizona law claims in this action as a class action;

C.      Unpaid wages, statutory penalties and liquidated damages in the

maximum amount allowed by 29 U.S.C. §§ 201 *et seq*., the supporting United States

Department of Labor regulations, and Arizona law as well as Defendant's share of FICA,

FUTA, state unemployment insurance and any other required employment taxes;

D.      An injunction enjoining Defendant from violating the foregoing laws

and regulations in the future;

E.      Pre- and post-judgment interest;

F.      A reasonable incentive award for the Plaintiff to compensate him for

the time and effort he has spent protecting the interests of other AMs, and the risks he

has undertaken.;

- 19 -

G.    Designation of Plaintiff as Class Representatives and Plaintiff's counsel as class counsel;

H.    An award of damages, appropriate statutory penalties, and restitution to be paid by Defendant according to Arizona law according to proof;

I.    Attorneys' fees and costs of the action, including expert fees; and

J.    Injunctive, equitable, or such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all questions of fact raised by this Class and Collective Action Complaint.


Dated: June 21, 2023                    Respectfully submitted,

                                        */s/ Samuel R. Randall*
                                        Samuel R. Randall
                                        **Randall Law PLLC**
                                        4742 N 24th St., Suite 300
                                        Phoenix, AZ 85016
                                        Telephone: 602.328.0262
                                        Facsimile: 602.926.1479
                                        srandall@randallslaw.com

                                        Justin M. Swartz*
                                        Michael J. Scimone*
                                        **Outten & Golden LLP**
                                        685 Third Avenue, 25th Floor
                                        New York, NY 10017
                                        Telephone: 212-245-1000
                                        Facsimile: 646-509-2060
                                        jms@outtengolden.com
                                        mscimone@outtengolden.com

Hannah Cole-Chu*
**Outten & Golden LLP**
1225 New York Avenue NW
Suite 1200B
Washington, DC 20005
Telephone: 202-847-4400
Facsimile: 202-847-4410
HColeChu@outtengolden.com

Kaelyn Mahar*
**Outten & Golden LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: 415-638-8806
KMahar@outtengolden.com

Gregg I. Shavitz*
Alan Quiles*
**Shavitz Law Group, P.A.**
951 Yamato Rd., Suite 285
Boca Raton, FL 33431
Telephone: 561-447-8888
gshavitz@shavitzlaw.com
aquiles@shavitzlaw.com

*Motion for admission *pro hac vice*
forthcoming.


***Attorneys for Plaintiff and the
Putative Class and Collective***