**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua Stoddard, | No. CV-23-08114-PCT-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Discount Tire Company Incorporated, | |
| Defendant. | |

Pending before the Court is Defendant's stay request. (Doc. 16.) For the following reasons, the request is denied.

**RELEVANT BACKGROUND**

On June 21, 2023, Plaintiff initiated this action by filing a complaint. (Doc. 1.) Count One of the complaint asserts a claim for unpaid overtime wages under the Federal Labor Standards Act ("FLSA"). (*Id.* ¶¶ 88-89.) The complaint further clarifies that Plaintiff "brings this action under the FLSA on behalf himself and all current and former Assistant Managers ('AMs') who work and/or worked for Discount Tire within the United States" (*id.* ¶ 15) and includes a section entitled "Collective Action Allegations" (*id.* ¶¶ 43-53). In the final paragraph of this section, the complaint alleges that "[n]otice should be sent to Collective Members pursuant to 29 U.S.C. § 216(b)." (*Id.* ¶ 53.)

On July 19, 2023, Defendant was served with the complaint. (Doc. 8.)

On August 7, 2023, the parties filed a joint stipulation to extend Defendant's deadline to respond to the complaint. (Doc. 9.) The parties clarified that an extension was

needed "to give defense counsel additional time to investigate and respond to Plaintiff's allegations." (*Id.* at 1.) The stipulation was granted. (Doc. 10.)

On August 22, 2023, Plaintiff filed the operative pleading in this action, the First Amended Complaint ("FAC"). (Doc. 12.) Like the original complaint, the FAC asserts a claim for unpaid overtime wages under the FLSA, clarifies that the claim is being brought as a collective action "on behalf himself and all current and former Assistant Managers . . . who worked for Discount Tire within the United States," contains a section entitled "Collective Action Allegations," and announces Plaintiff's intention to send notice to collective members pursuant to 29 U.S.C. § 216(b). (*Id.* ¶¶ 15, 41-51, 76-87.)

On September 11, 2023, Plaintiff filed a motion for court-authorized notice pursuant to 29 U.S.C. § 216(b) ("the preliminary certification motion"). (Doc. 15.)

On September 18, 2023, Defendant filed a motion to stay briefing on the preliminary certification motion "until the Court orders the parties to submit a Rule 26(f) Report and/or schedules a Rule 16(b) Case Management Conference.) (Doc. 16.) "In the alternative, Defendant moves for an order extending the briefing schedule to respond to Plaintiff's Motion for Notice by 60 days from September 25, 2023 to November 24, 2023." (*Id.* at 1-2.) Defendant indicates that Plaintiff opposes the stay. (*Id.* at 2.) In tandem with the motion to stay, Defendant filed a notice that expedited consideration is sought because "absent a stay or extension of the briefing schedule, Defendant's Response Brief is due next Monday, September 25, 2023." (Doc. 17.)

**DISCUSSION**

Defendant seeks a stay with respect to Plaintiff's preliminary certification motion because the parties "have yet to engage in any discovery whatsoever at this early stage" and "Defendant will be burdened and prejudiced by having to respond to [the preliminary certification motion] without the benefit of engaging in any discovery necessary to test the allegations asserted therein." (Doc. 16 at 4.) As for prejudice, Defendant elaborates that "[d]ue to Plaintiff's failure to confer regarding his Motion for Notice, including the contents of the proposed notice as envisioned by the Rules, Defendant is entirely deprived

of the opportunity to even *internally* investigate the available methods and means for administering an eventually authorized notice during the short briefing schedule." (*Id.* at 5.) Defendant further contends:

> Had Plaintiff conferred with Defendant regarding his Motion for Notice, or waited for this Court to issue a scheduling order to allow for even limited discovery, he would have learned several details which may have impacted his assessment and strategy for pursuing his claims. For example, the individuals who supplied declarations are not similarly situated as they did not hold the same position, were not employed by the same employers, and were not subject to uniform practices applicable to their discrete work environments. Indeed, several declarations are of those who last worked for their respective employer *several* years before Plaintiff initiated this action, and will therefore be time barred.

(*Id.* at 4.) Finally, Defendant contends that judicial economy would be promoted by a stay because "if the Court even conditionally certifies a class at this early stage, when Defendant's very preliminary investigation has already uncovered important concerns as to whether the purported class is appropriate, the Court likely will have to undo or significantly modify the parameters of the class later." (*Id.* at 5-6.) For these reasons, Defendant contends that a stay is warranted under the factors identified in *Landis v. N. Am. Co.*, 299 U.S. 248 (1936). (*Id.* at 2-3.)

Having weighed the *Landis* factors, the Court is unpersuaded that a stay is warranted here. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (when determining whether to issue a *Landis* stay, courts must weigh "competing interests," which include "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay") (citation omitted). Most important, although Defendant's arguments are largely premised on the notion that Defendant must engage in discovery before it will be in a position to respond to Plaintiff's conditional certification motion, this premise is inconsistent with how the conditional certification process works in the Ninth Circuit. As background, the FLSA provides "similarly situated" employees with the "right" to bring a collective action against their employer:

> An action may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. . . . The right . . . to bring an action by or on behalf of any employee, and the right of any employee to become a party plaintiff to any such action, shall terminate upon the filing of a complaint by the Secretary of Labor . . . .

29 U.S.C. § 216(b).

The leading Ninth Circuit case regarding FLSA collective actions is *Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir. 2018). In *Campbell*, the Ninth Circuit explained that § 216(b) provides that "workers may litigate jointly if they (1) claim a violation of the FLSA, (2) are 'similarly situated,' and (3) affirmatively opt in to the joint litigation, in writing" and further explained that this "'right' to litigate jointly has two permutations": (1) "[t]he right . . . to bring an action by or on behalf of any employee"; and (2) "the right of any employee to become a party plaintiff to any such action"—"that is, the right to bring the collective litigation and the right to join it." *Id.* at 1100.

Under the "two-step 'certification' process" employed by district courts in the Ninth Circuit, "plaintiffs will, at some point around the pleading stage, move for 'preliminary certification' of the collective action, contending that they have at least facially satisfied the 'similarly situated' requirement. Later, after the necessary discovery is complete, defendants will move for 'decertification' of the collective action on the theory that the plaintiffs' status as 'similarly situated' was not borne out by the fully developed record." *Id.* Thus, both steps involve evaluating whether the plaintiffs are "similarly situated," but the district court applies different standards at each step:

> Preliminary certification, as noted, refers to the dissemination of notice to putative collective members, conditioned on a preliminary determination that the collective as defined in the complaint satisfies the "similarly situated" requirement of section 216(b). *At this early stage of the litigation, the district court's analysis is typically focused on a review of the pleadings* but may sometimes be supplemented by declarations or limited other evidence. The level of consideration is "lenient"—sometimes articulated as requiring "substantial allegations," sometimes as turning on a "reasonable basis," but in any event loosely akin to a plausibility standard, commensurate with the stage of the proceedings.

> […]
>
> Assuming the collective action has survived its earlier scrutiny, the second stage will come at or after the close of relevant discovery. The employer can move for "decertification" of the collective action for failure to satisfy the "similarly situated" requirement in light of the evidence produced to that point. The district court will then take a more exacting look at the plaintiffs' allegations and the record. Because of its purpose and timing, decertification can resemble a motion for partial summary judgment on the "similarly situated" question, and may be combined with cross-motions for summary judgment.

*Id.* at 1109-10 (cleaned up) (emphasis added). "[T]he two-step process . . . has the advantage of ensuring early notice of plausible collective actions, then eliminating those whose promise is not borne out by the record." *Id.* at 1110.

In short, a preliminary certification motion—much like a Rule 12(b)(6) motion to dismiss—is typically filed "at some point around the pleading stage" and is "focused on a review of the pleadings" using a standard "loosely akin to a plausibility standard, commensurate with the [early] stage of the proceedings." *Id.* at 1109-10. Although the analysis "may sometimes be supplemented by declarations or limited other evidence," such evidence is not necessary. *Id.* Indeed, "[c]ourts *need not even consider* evidence provided by defendants at this stage." *Luque v. AT & T Corp.*, 2010 WL 4807088, *3 (N.D. Cal. 2010). Given these principles, most of Defendant's arguments are unavailing—there is no need to delay the conditional-certification briefing process until after the parties have engaged in discovery.

To be clear, the Court agrees that the parties should confer before any party files a motion, and to the extent Plaintiff did not confer with Defendant before filing the preliminary certification motion, that is unfortunate—doing so might have focused the issues or even obviated the need for briefing.[1] Nevertheless, *Campbell* suggests that proceeding in the manner that Plaintiff has chosen to proceed here (*i.e.*, filing the

---

[1] Because Defendant requested expedited consideration of its stay motion and the Court concluded the motion could be denied without first hearing from Plaintiff, the Court has not waited for Plaintiff's response. The Court does not make assumptions about what did or did not happen before the preliminary certification motion was filed but notes that the motion did not include a certificate of conferral.

- 5 -

conditional certification motion "around the pleading stage" in an effort to achieve the "advantage" of "early notice") is permissible. 903 F.3d at 1100, 1110. The Ninth Circuit has also urged district courts to be cautious about issuing stays in FLSA litigation "[i]n view of the urgent nature of the statutory right to minimum compensation provided by the Fair Labor Standards Act and the strong congressional policy favoring prompt payment of wages." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). Finally, although Defendant complains of being "blindside[d]" by the conditional certification motion (Doc. 16 at 5), the Court notes that Defendant was served with the complaint (which, although it has since been supplanted by the FAC, contains the same general FLSA collective action allegations) over two months ago, in mid-July 2023. Both the complaint and the FAC explicitly announce Plaintiff's intention to send notice to collective members pursuant to 29 U.S.C. § 216(b) "[a]t the earliest possible time." (Doc. 1 at 19; Doc. 12 at 14.) Thus, Defendant has known since the case's inception that Plaintiff intended to seek preliminary certification of the specified collective. And Defendant has already been granted one extension (to which Plaintiff stipulated) "to give defense counsel additional time to investigate and respond to Plaintiff's allegations." (Doc. 9 at 1.) Although conferral would have afforded Defendant an opportunity to review and discuss the *wording* of the proposed notices, Defendant cannot claim to be blindsided as to the nature of the collective itself or the fact that Plaintiff intended to send notices. Furthermore, Defendant will have an opportunity during the briefing process on the certification request to propose its own wording for the notices, should it choose to do so.

For these reasons, the stay request is denied. Additionally, the Court declines to grant Defendant's alternative request for a 60-day extension of the deadline to respond to the conditional certification motion, which is essentially a repackaged stay request. The Court will, however, grant a more modest 14-day extension from today's date.

Accordingly,

**IT IS ORDERED** that Defendant's motion to stay (Doc. 16) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's deadline to respond to the

preliminary certification motion is extended to **October 5, 2023**.

Dated this 21st day of September, 2023.

_____
Dominic W. Lanza
United States District Judge